# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT MYER,** | ) | |
| Plaintiff, | ) | Civil Action No. 15-71Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **JOHN WETZEL, et al,** | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MEMORANDUM OPINION[1]

M.J. Susan Paradise Baxter

Plaintiff, currently a state prisoner, brought this civil rights action under 42 U.S.C. §1983. Named as Defendants are: John Wetzel, Secretary of Department of Corrections; David Zetwo, Deputy Secretary of Department of Corrections; Nancy Giroux, Superintendent of SCI Albion; Steven Reilly, Psychiatrist at SCI Albion; James Bentley, Unit Manager at SCI Albion; and Mike Brumagin, counselor at SCI Albion. Plaintiff alleges that Defendants violated his constitutional rights under the Eighth and Fourteenth Amendments.

Plaintiff claims that the removal of his Z-code (or single cell) status by Defendants placed him under "conditions posing a substantial risk of serious harm" and as such, Defendants acted with deliberate indifference to "unsafe prison conditions." ECF No. 7. Following the revocation of his Z-code status, Plaintiff refused to take a cellmate and because of this refusal, Plaintiff was issued a misconduct and moved into disciplinary custody.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

1

Plaintiff claims that as a result of the revocation of the Z-code status and his subsequent misconduct and designation to disciplinary custody, he has lost his prison job and his phone privileges. ECF No. 7, ¶ ¶ 26-28. Plaintiff does not claim that he was physically injured.

As relief, Plaintiff seeks:

> Punitive damages in the amount of $1,080.00 against each Defendant (as a result of the Defendants' action, thus far, Plaintiff has been out of work for four months) … and $800.00 in damages from each Defendant for losing, thus far, four months phone contact with his family…;
>
> Compensatory damages in the amount of $1,080.00 against each Defendant, jointly and severally;
>
> Reinstatement of Z-code status; and
>
> Transfer to another prison.

ECF No. 7, page 16.

In response to the original complaint, Defendants filed a motion to dismiss. ECF No. 20. Plaintiff has filed a brief in opposition, as well as a proposed amended complaint. ECF No. 25; ECF No. 29. Plaintiff also filed a motion for summary judgment [ECF No. 45] which has been stayed pending the resolution of the earlier filed motion to dismiss.

The proposed amended complaint reads more like an opposition brief than an amended complaint. However, the proposed amended complaint does contain some important factual allegations that were absent in the original complaint. The original complaint focuses on one claim only, while the proposed amended complaint (along with the opposition brief) are liberally interpreted by this Court[2] as raising two separate claims: one involving the revocation of

---

[2] *Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992);

2

Plaintiff's Z-code status and the second claim involving the ongoing exacerbation and/or non-treatment of Plaintiff's mental health issues due to his long-term and continuing placement in solitary confinement (which is presumably based on Plaintiff's refusal to take a cellmate).

While the proposed amended complaint provides some clarity as to Plaintiff's legal claims, because it is written as a legal brief rather than a pleading, it is ambiguous in several ways. Plaintiff does not indicate the dates of events and he does not indicate which of the named Defendants were involved in the alleged constitutional deprivations. Furthermore, Plaintiff brings an equal protection claim that was not apparent from a reading of the original complaint. Accordingly, Plaintiff will be directed to amend his original complaint by filing a new amended complaint.

The new amended complaint must include all the claims against all the Defendants, fully explaining which Defendant took what action and when that action was taken. See In re Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256, 276-77 (3d Cir. 2006) (a plaintiff must assert all the essential factual background that would accompany "the first paragraph of any newspaper story – that is, the who, what, when, where, and how of the event at issue."). The caption of an amended complaint must contain all named Defendants. See Fed.R.Civ.P. 10(a).

The new amended complaint must be a single stand-alone document that does not incorporate or reference other complaints. It "must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it

---

Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court must make inferences where it is appropriate.

must establish the existence of actions by the Defendants which have resulted in constitutional deprivations. <u>Rizzo v. Good</u>, 423 U.S. 362, 370-73 (1976). It should specify which actions are alleged as to which Defendants. The amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. <u>See</u> Fed.R.Civ.P. 8. Plaintiff should also provide detail as to the relief he seeks from each Defendant.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT MYER,** | ) | |
| **Plaintiff,** | ) | Civil Action No. 15-71Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **JOHN WETZEL, et al,** | ) | Magistrate Judge Baxter |
| **Defendants.** | ) | |

# O R D E R

AND NOW, this 16th day of March, 2016;

IT IS HEREBY ORDERED that Plaintiff is directed to file a new amended complaint in accordance with the instructions in the accompanying Memorandum Opinion by April 15, 2016. Failure to file the new amended complaint by this date may result in the dismissal of this action for failure to prosecute.

IT IS FURTHER ORDERED that Defendants' motion to dismiss [ECF No. 20] is dismissed as moot in light of the order to file a new amended complaint.

IT IS FURTHER ORDERED that Defendants file either an answer or motion to dismiss in response to the new amended complaint by May 6, 2016.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment [ECF No. 45] is dismissed as premature as the parties have not engaged in the full discovery process.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge